# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
07/14/2014
CT Log Number 525310995

**TO:**  Kim Lundy Service of Process, Legal Support Supervisor
Wal-Mart Stores, Inc.
702 SW 8th Street, MS 0215
Bentonville, AR 72716-0215

**RE:**  **Process Served in Kentucky**

**FOR:**  Wal-Mart Stores East, LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Haws Glen, Pltf. vs. Dynacraft BSC, Inc., et al. including Wal-Mart Stores East, Limited Partnership, Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Daviess County Circuit Court, KY Case # 14CI00699 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Defendant failed to warn consumers of the defective and dangerous condition of the bicycle causing the injuries and damages to plaintiff |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/14/2014 postmarked on 07/10/2014 |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day this paper is delivered to you |
| **ATTORNEY(S) / SENDER(S):** | Christopher L. Rhoads Rhoads & Rhoads, P.S.C. 115 East Second Street Owensboro, KY 42302-2023 270-683-4600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/14/2014, Expected Purge Date: 07/19/2014 Image SOP Email Notification, Candiss Golaszweski-CT East CLS-VerificationEast@wolterskluwer.com Email Notification, Kim Lundy Service of Process ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 306 W. Main Street Suite 512 Frankfort, KY 40601 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of  1 / AK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



U.S. POSTAGE ≫ PITNEY BOWES

$ 006.90⁰

ZIP 42303
02 1W
0001375877 JUL. 10. 2014

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS FOLD AT DOTTED LINE

*CERTIFIED MAIL™*

7196 9008 9115 5807 5863

RETURN RECEIPT REQUESTED

SUSAN W. TIERNEY
CIRCUIT COURT CLERK
DAVIESS CIRCUIT & DISTRICT C
HOLBROOK JUDICIAL CENTER
100 EAST 2ND STREET, P.O. B
OWENSBORO, KENTUCKY 42302

CT CORPORATION SYSTEM
306 W MAIN STREET
SUITE 512
FRANKFORT, KY  40601

CASE # 14-CI-00699  (WAL≥ART LTD)

| AOC-105          Doc. Code: CI<br>Rev. 5-03<br>Page 1 of 1      Ver. 1.01<br>Commonwealth of Kentucky<br>Court of Justice    www.kycourts.net<br>CR 4:02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. _14-CI-00099_<br><span>leave blank if unknown</span><br>Court  [X] Circuit  [ ] District<br>County  **Daviess** |
|---|---|---|

**PLAINTIFFS**

GLEN HAWS


VS.

**DEFENDANT**

WAL-MART STORES EAST, LIMITED PARTNERSHIP, ET AL.


**Service of Process Agent for Defendant:**
CT CORPORATION SYSTEM
306 W MAIN STREET
SUITE 512
FRANKFORT, KY 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** and filed in the Clerk's Office within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _July 10_, 2_014_    SUSAN W. TIERNEY, CIRCUIT CLERK ___ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____Title

```
                                              FILED
                                           JUL 1 0 2014
        COMMONWEALTH OF KENTUCKY        SUSAN W. TIERNEY, CLERK
           DAVIESS CIRCUIT COURT        BY:_____D.C.
               DIVISION ___
        CIVIL ACTION NO. 14-CI-00699
```

GLEN HAWS                                              PLAINTIFF

VS.                    **COMPLAINT**

DYNACRAFT BSC, INC.

      **Serve:**     Secretary of State
                    Commonwealth of Kentucky
                    700 Capitol Avenue, Suite 152
                    Frankfort, KY 40601

                    For

                    Dynacraft BSC, Inc.
                    c/o National Registered Agents, Inc., Registered Agent
                    818 W Seventh Street
                    Los Angeles, California 90017

AND

BRIDGEWAY INTERNATIONAL, INC.

      **Serve:**     Secretary of State
                    Commonwealth of Kentucky
                    700 Capitol Avenue, Suite 152
                    Frankfort, KY 40601

                    For

                    Bridgeway International, Inc.
                    c/o Richard Liu, Registered Agent
                    7013 Verde Way
                    Naples, Florida 34108

AND

WAL-MART STORES EAST, LIMITED PARTNERSHIP

      **Serve:**     WAL-MART STORES EAST, LIMITED PARTNERSHIP
                    c/o CT CORPORATION SYSTEM
                    306 W. Main St.

Suite 512
Frankfort, KY 40601

AND

WAL-MART SUPERCENTER #3363

Serve:   WAL-MART SUPERCENTER #3363
c/o STORE MANGER
Wal-Mart Supercenter  # 3363
3151 Highway 54
Owensboro, KY 42303

* * * * * * *

Plaintiff, Glen Haws ("Mr. Haws"), for his Complaint against the

Defendants, state as follows:

1.      Plaintiff resides at 1661 Glendale Court, in Owensboro, Daviess

County, Kentucky  42303.

2.      Defendant, Dynacraft BSC, Inc ("Dynacraft"), is a corporation

organized under the laws of the Commonwealth of Massachusetts, with its

principal place of business being at 89 South Kelly Road, American Canyon,

California 94503, with its agent for service of process being National Registered

Agents, Inc., 808 W Seventh Street, Los Angeles, CA 90017.  It has not

designated an agent for service of process in Kentucky, and its statutory agent

for service of process, pursuant to KRS 454.210, is the Secretary of State,

Commonwealth of Kentucky, 700 Capitol Avenue, Suite 152, Frankfort, Kentucky

40601.

3.      Defendant Bridgeway International, Inc. ("Bridgeway"), is a Florida

corporation with its principal place of business being at 281 12th Street SE,

Naples, Florida 34117, with its agent for service of process being Richard Liu,

2

7013 Verde Way, Naples, Florida 34108. It has not designated an agent for service of process in Kentucky, and its statutory agent for service of process, pursuant to KRS 454.210, is the Secretary of State, Commonwealth of Kentucky, 700 Capitol Avenue, Suite 152, Frankfort, Kentucky 40601.

4.      Defendant, Wal-Mart Stores East, Limited Partnership is an out of state limited partnership doing business in the Commonwealth of Kentucky, with its principal place of business being at 702 SW 8th Street, Bentonville, AR 72716-0215 and has appointed as its agent for service of process CT Corporation System, 306 W. Main St., Suite 512, Frankfort, KY 40601.

5.      Defendant, Wal-Mart Supercenter #3363, does business in the Commonwealth of Kentucky. Wal-Mart #3363 does business as a retailer and/or department store at 3151 Highway 54, Owensboro, KY 42303. Wal-Mart #3363 opens its business to the public at the aforesaid location for the purpose of customers shopping and purchasing merchandise from it.

6.      Wal-Mart Stores East, Limited Partnership and Wal-Mart Supercenter #3363 are hereinafter referred to jointly as "Wal-Mart".

7.      On or about July 11, 2013, Plaintiff, Mr. Haws, was operating and riding a Dynacraft NEXT bicycle in Owensboro, Daviess County, Kentucky. Said bicycle was purchased by Plaintiff at the Wal-Mart Super Center No. 3363 in Owensboro, Daviess County, Kentucky. At said time and place, the bicycle he was riding failed and/or malfunctioned, causing Plaintiff to fall from said bicycle, thereby causing permanent injuries to him as hereinafter stated.

3

## COUNT I

8.     At all times herein mentioned, Defendant, Dynacraft, was engaged in the business of designing, manufacturing, processing, inspecting, testing, packaging, labeling, assembling, selling, distributing, marketing, and/or delivering bicycles for use by its customers.

9.     Prior to July 11, 2013, the bicycle which failed and/or malfunctioned, as aforesaid, had been designed, manufactured, processed, inspected, tested, packaged, labeled, assembled, sold, marketed, and/or distributed by Defendant, Dynacraft.

10.     Defendant, Dynacraft, had a duty to exercise reasonable care in the design, manufacture, processing, inspecting, testing, packaging, labeling, assembly, selling, marketing, and/or distributing of said bicycle.

11.     Defendant, Dynacraft, was negligent in its design, manufacture, processing, inspecting, testing, packaging, labeling, assembly, selling, distributing, marketing, and/or delivering of the bicycle used by the Plaintiff on July 11, 2013, which negligence was the proximate cause or was a substantial factor in causing the said defective, unsafe, and unreasonably dangerous conditions, thereby resulting in the injuries and damages to Plaintiff.

12.     Defendant, Dynacraft, had a duty not to distribute, market, sell, lease, or inject in any manner into the stream of commerce, any product which it knew, or by exercise of reasonable care, should have known was unreasonably dangerous.

4

13.     Defendant, Dynacraft, had a duty to warn any potential retailer, user or consumer of the bicycle of any defective, unsafe, and unreasonably dangerous condition, which it knew or should have known, could result in injury to such potential user or consumer.

14.     The incident referenced in paragraph 7 herein was directly and proximately caused by a breach of the aforementioned duties of Defendant, Dynacraft, and as a direct and proximate result thereof, Plaintiff has sustained the following damages:

(a)     Past and future medical expenses;

(b)     Past and future emotional and physical pain and suffering;

(c)     Lost income;

(d)     Impairment of future income earning capacity; and

(e)     Permanent injuries and increased likelihood of future complications.

15.     Prior to July 11, 2013, Defendant, Dynacraft, designed, manufactured, processed, inspected, tested, packaged, labeled, assembled, sold, leased, distributed, marketed, and/or delivered the aforementioned bicycle in a manner to render the bicycle in a defective, unsafe and unreasonably dangerous condition, for which Defendant, Dynacraft, is strictly liable.

16.     On July 11, 2013, Plaintiff was using said bicycle in a manner reasonably foreseeable to Defendant, Dynacraft, and for which the bicycle was designed, manufactured, processed, assembled and sold.

5

17.    The defective design, manufacture, processing, assembly, inspecting, testing, labeling, and distribution by Defendant, Dynacraft, of the subject bicycle was the proximate cause or was a substantial factor in causing the said defective, unsafe, and unreasonably dangerous conditions, thereby resulting in the injuries and damages to the Plaintiff.

18.    Defendant, Dynacraft, failed to warn potential users or consumers of the aforesaid mentioned defective, unsafe, and unreasonably dangerous condition of the bicycle, and such failure was the proximate cause or was a substantial factor in causing the injuries and damages to Plaintiff for which Defendant, Dynacraft, is strictly liable.

19.    For the above reasons, Plaintiff is entitled to recover from Defendant, Dynacraft, all of the damages as enumerated above in paragraph 14, for which Defendant, Dynacraft, is strictly liable.

20.    Defendant, Dynacraft, as designer, manufacturer, processor and/or distributor of said bicycle, made implied and/or expressed warranties of merchantability, and further warranted that said bicycle was free of defects in design, construction, labeling, and/or assembly that would cause an unreasonable risk of injury and death, such as that sustained by Plaintiff.

21.    Defendant, Dynacraft, breached the aforesaid implied and/or expressed warranties of fitness and merchantability, and such breach was a substantial factor in causing the injuries and damages to Plaintiff.

6

22.     As a result of said breach, Plaintiff is entitled to recover from Defendant, Dynacraft, the damages enumerated above in paragraph 10, for which Defendant, Dynacraft, is strictly liable.

23.     The amount of damages herein claimed is in excess of the minimum jurisdiction of this Court.

## COUNT II

24.     Plaintiff asserts, alleges and incorporates by reference each and every averment contained in paragraphs 1 through 23 as set forth above.

25.     At all times herein mentioned, Defendant, Bridgeway, was engaged in the business of designing, manufacturing, processing, inspecting, testing, packaging, labeling, assembling, selling, distributing, marketing, and/or delivering bicycles for use by its customers.

26.     Prior to July 11, 2013, the bicycle which failed and/or malfunctioned, as aforesaid, had been designed, manufactured, processed, inspected, tested, packaged, labeled, assembled, sold, marketed, and/or distributed by Defendant, Bridgeway.

27.     Defendant, Bridgeway, had a duty to exercise reasonable care in the design, manufacture, processing, inspecting, testing, packaging, labeling, assembly, selling, marketing, and/or distributing of said bicycle.

28.     Defendant, Bridgeway, was negligent in its design, manufacture, processing, inspecting, testing, packaging, labeling, assembly, selling, distributing, marketing, and/or delivering of the bicycle used by the Plaintiff on July 11, 2013, which negligence was the proximate cause or was a substantial

7

factor in causing the said defective, unsafe, and unreasonably dangerous conditions, thereby resulting in the injuries and damages to Plaintiff.

29.    Defendant, Bridgeway, had a duty not to distribute, market, sell, lease, or inject in any manner into the stream of commerce, any product which it knew, or by exercise of reasonable care, should have known was unreasonably dangerous.

30.    Defendant, Bridgeway, had a duty to warn any potential retailer, user or consumer of the bicycle of any defective, unsafe, and unreasonably dangerous condition, which it knew or should have known, could result in injury to such potential user or consumer.

31.    The incident referenced in paragraph 7 herein was directly and proximately caused by a breach of the aforementioned duties of Defendant, Bridgeway, and as a direct and proximate result thereof, Plaintiff has sustained the following damages:

      (a)    Past and future medical expenses;

      (b)    Past and future emotional and physical pain and suffering;

      (c)    Lost income;

      (d)    Impairment of future income earning capacity; and

      (e)    Permanent injuries and increased likelihood of future complications.

32.    Prior to July 11, 2013, Defendant, Bridgeway, designed, manufactured, processed, inspected, tested, packaged, labeled, assembled, sold, leased, distributed, marketed, and/or delivered the aforementioned bicycle

8

in a manner to render the bicycle in a defective, unsafe and unreasonably dangerous condition, for which Defendant, Bridgeway, is strictly liable.

33.    On July 11, 2013, Plaintiff was using said bicycle in a manner reasonably foreseeable to Defendant, Bridgeway, and for which the bicycle was designed, manufactured, processed, assembled and sold.

34.    The defective design, manufacture, processing, assembly, inspecting, testing, labeling, and distribution by Defendant, Bridgeway, of the subject bicycle was the proximate cause or was a substantial factor in causing the said defective, unsafe, and unreasonably dangerous conditions, thereby resulting in the injuries and damages to the Plaintiff.

35.    Defendant, Bridgeway, failed to warn potential users or consumers of the aforesaid mentioned defective, unsafe, and unreasonably dangerous condition of the bicycle, and such failure was the proximate cause or was a substantial factor in causing the injuries and damages to Plaintiff for which Defendant, Bridgeway, is strictly liable.

36.    For the above reasons, Plaintiff is entitled to recover from Defendant, Bridgeway, all of the damages as enumerated above in paragraph 14, for which Defendant, Bridgeway, is strictly liable.

37.    Defendant, Bridgeway, as designer, manufacturer, processor and/or distributor of said bicycle, made implied and/or expressed warranties of merchantability, and further warranted that said bicycle was free of defects in design, construction, labeling, and/or assembly that would cause an unreasonable risk of injury and death, such as that sustained by Plaintiff.

9

38.     Defendant, Bridgeway, breached the aforesaid implied and/or expressed warranties of fitness and merchantability, and such breach was a substantial factor in causing the injuries and damages to Plaintiff.

39.     As a result of said breach, Plaintiff is entitled to recover from Defendant, Bridgeway, the damages enumerated above in paragraph 31, for which Defendant, Bridgeway, is strictly liable.

40.     The amount of damages herein claimed is in excess of the minimum jurisdiction of this Court.

## COUNT III

41.     Plaintiff asserts, alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 40, as set forth above.

42.     At all times herein mentioned, Defendant, Wal-Mart, was engaged in the business of designing, manufacturing, processing, inspecting, testing, packaging, labeling, assembling, selling, distributing, marketing, and/or delivering bicycles for use by its customers.

43.     Prior to July 11, 2013, the bicycle which failed and/or malfunctioned, as aforesaid, had been designed, manufactured, processed, inspected, tested, packaged, labeled, assembled, sold, marketed, and/or distributed by Defendant, Wal-Mart.

44.     Defendant, Wal-Mart, had a duty to exercise reasonable care in the design, manufacture, processing, inspecting, testing, packaging, labeling, assembly, selling, marketing, and/or distributing of said bicycle.

10

45.     Defendant, Wal-Mart, was negligent in its design, manufacture, processing, inspecting, testing, packaging, labeling, assembly, selling, distributing, marketing, and/or delivering of the bicycle used by the Plaintiff on July 11, 2013, which negligence was the proximate cause or was a substantial factor in causing the said defective, unsafe, and unreasonably dangerous conditions, thereby resulting in the injuries and damages to Plaintiff.

46.     Defendant, Wal-Mart, had a duty not to distribute, market, sell, lease, or inject in any manner into the stream of commerce, any product which it knew, or by exercise of reasonable care, should have known was unreasonably dangerous.

47.     Defendant, Wal-Mart, had a duty to warn any potential retailer, user or consumer of the bicycle of any defective, unsafe, and unreasonably dangerous condition, which it knew or should have known, could result in injury to such potential user or consumer.

48.     The incident referenced in paragraph 7 herein was directly and proximately caused by a breach of the aforementioned duties of Defendant, Wal-Mart, and as a direct and proximate result thereof, Plaintiff has sustained the following damages:

(a)     Past and future medical expenses;

(b)     Past and future emotional and physical pain and suffering;

(c)     Lost income;

(d)     Impairment of future income earning capacity; and

11

(e)   Permanent injuries and increased likelihood of future complications.

49.   Prior to July 11, 2013, Defendant, Wal-Mart, designed, manufactured, processed, inspected, tested, packaged, labeled, assembled, sold, leased, distributed, marketed, and/or delivered the aforementioned bicycle in a manner to render the bicycle in a defective, unsafe and unreasonably dangerous condition, for which Defendant, Wal-Mart, is strictly liable.

50.   On July 11, 2013, Plaintiff was using said bicycle in a manner reasonably foreseeable to Defendant, Wal-Mart, and for which the bicycle was designed, manufactured, processed, assembled and sold.

51.   The defective design, manufacture, processing, assembly, inspecting, testing, labeling, and distribution by Defendant, Wal-Mart, of the subject bicycle was the proximate cause or was a substantial factor in causing the said defective, unsafe, and unreasonably dangerous conditions, thereby resulting in the injuries and damages to the Plaintiff.

52.   Defendant, Wal-Mart, failed to warn potential users or consumers of the aforesaid mentioned defective, unsafe, and unreasonably dangerous condition of the bicycle, and such failure was the proximate cause or was a substantial factor in causing the injuries and damages to Plaintiff for which Defendant, Wal-Mart, is strictly liable.

53.   For the above reasons, Plaintiff is entitled to recover from Defendant, Wal-Mart, all of the damages as enumerated above in paragraph 48, for which Defendant, Wal-Mart, is strictly liable.

12

54.     Defendant, Wal-Mart, as designer, manufacturer, processor and/or distributor of said bicycle, made implied and/or expressed warranties of merchantability, and further warranted that said bicycle was free of defects in design, construction, labeling, and/or assembly that would cause an unreasonable risk of injury and death, such as that sustained by Plaintiff.

55.     Defendant, Wal-Mart, breached the aforesaid implied and/or expressed warranties of fitness and merchantability, and such breach was a substantial factor in causing the injuries and damages to Plaintiff.

56.     As a result of said breach, Plaintiff is entitled to recover from Defendant, Wal-Mart, the damages enumerated above in paragraph 48, for which Defendant, Wal-Mart, is strictly liable.

57.     The amount of damages herein claimed is in excess of the minimum jurisdiction of this Court.

WHEREFORE, Plaintiffs pray as follows:

(a)     Judgment in amounts which will fairly and reasonably compensate Plaintiff for the damages which he has sustained;

(b)     Trial by jury;

(c)     Judgment for their costs herein expended, including reasonable attorney's fees;

(d)     Miscellaneous expenses; and

(e)     For all other relief to which Plaintiff may appear entitled.

13

This the 9th day of July, 2014.

RHOADS & RHOADS, P.S.C.

Christopher L. Rhoads
Katherine H. Reardon
115 East Second Street
P. O. Box 2023
Owensboro, KY 42302-2023
Telephone:   (270) 683-4600
Facsimile:   (270) 683-1653
COUNSEL FOR PLAINTIFF

14